```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
AARON GOODMAN,                                                :
                                      Plaintiff,              :      21 Civ. 7500 (LGS)
                                                              :
                       -against-                              :      OPINION AND ORDER
                                                              :
DISCOVER FINANCIAL SERVICES, LLC,                             :
                                      Defendant.              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Aaron Goodman brings this action against Defendant Discover Financial Services, LLC[1] asserting violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. and the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 et seq. Defendant moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion is granted.

I.    BACKGROUND

The following facts are taken from the Complaint and are assumed to be true only for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

In August 2018, Plaintiff discovered that Defendant was reporting a debt alleged to be owed by Plaintiff, based on information from consumer reporting agencies ("CRA"). Plaintiff did not recognize Defendant as a creditor and sent Defendant a notice of dispute. The notice of dispute demanded that Defendant validate the alleged debt and notify the credit bureaus that the

---

[1] Defendant disputes that Discover Financial Services, LLC is the proper defendant in this action and asserts that Discover Bank is the proper defendant. At the Court's direction, Defendant filed this motion on behalf of the named defendant, and stated in its motion papers that its arguments apply equally to both of these entities.

debt was disputed.  Defendant did not respond to Plaintiff's notice of dispute and subsequently closed the account in question.  Defendant reported the account as "bad debt collections, delinquent, overlimit and as charged-off" to CRAs.  Plaintiff continued to make requests to Defendant to validate the debt and correct the information reported, but Defendant took no action to validate the debt, report the account as disputed or correct the information provided to the CRA, Experian Information Solutions, Inc. ("Experian").

On or around July 1, 2021, Plaintiff applied for credit from a national banking association.  Plaintiff's application was denied based on negative information reported by Defendant to Experian.  Defendant continues to report false information regarding Plaintiff's alleged debt to Experian, and has not reported the alleged debt as disputed.

**II.    LEGAL STANDARDS**

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bench v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).  To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level."  *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

A pro se litigant's papers must be construed liberally "to raise the strongest arguments they suggest." *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

## III. DISCUSSION

### A. FDCPA Claims

The Complaint fails to state viable claims under the FDCPA. The FDCPA "prohibits debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Cortez v. Forster & Garbus, LLP*, 999 F.3d 151, 152 (2d Cir. 2021) (quoting 15 U.S.C. § 1692e). The FDCPA defines a debt collector as "any person [1] who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "[C]reditors are generally not considered debt collectors subject to the FDCPA, though "the statute contains an exception to creditor immunity where the creditor, 'in the process of collecting [its] own debts, uses any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts.'" *Vincent v. Money Store*, 736 F.3d 88, 90-91 (2d Cir. 2013) (alteration in original) (quoting 15 U.S.C. § 1692a(6)); *accord Rubin v. Montefiore Med. Ctr.*, No. 20 Civ. 2721, 2021 WL 4538603, at *1 (2d Cir. 2021).

The Complaint fails to allege sufficient facts to show that Defendant is a debt collector subject to the FDCPA. The Complaint states in a conclusory fashion that "Defendant is acting in the capacity of a debt collector under the FDCPA . . . ." *See In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 164 (2d Cir. 2021) ("Although we must accept as true all plausible allegations set forth in the complaint, we need not accept 'threadbare recitals of a cause of

3

action's elements' that are 'supported by mere conclusory statements.'") (quoting *Iqbal*, 556 U.S. at 663). The Complaint is devoid of any non-conclusory allegation that Defendant is a debt collector, engaged in debt collection activity or used a false name in connection with such activity. To the contrary, the Complaint refers to the Defendant as a creditor ("Plaintiff did not recognize Defendant as an original or current creditor").

Plaintiff argues that it is Defendant's burden to prove that it is a creditor rather than a debt collector and that Defendant has failed to meet this burden. This argument is incorrect. Although reasonable inferences are drawn in favor of the non-moving party at the motion to dismiss stage, the Complaint must allege facts "sufficient to raise a right to relief above the speculative level." *Rich*, 939 F.3d at 121 (internal quotation marks omitted); *see also Perez v. Experian*, No. 20 Civ. 9119, 2021 WL 4784280, at *13 (S.D.N.Y. Oct. 14, 2021) (dismissing complaint where there were no non-conclusory allegations that the defendants were debt collectors or engaged in any debt collection activity). Because the Complaint fails to allege adequately that Defendant is a debt collector subject to the FDCPA, the FDCPA claims (Counts I-III) are dismissed.

**B. FCRA Claims**

The Complaint asserts three violations of the FCRA (Counts IV-VI). Plaintiff voluntarily dismissed Counts IV and V in his opposition. The remaining claim -- § 1681s-2(b)(1)[2] -- fails to state a viable claim under the FCRA. "[T]o ensure credit reports are accurate, the FCRA imposes certain duties on CRAs, users of consumer reports, and furnishers of information to CRAs." *Sprague v. Salisbury Bank & Tr. Co.*, 969 F.3d 95, 98 (2d Cir. 2020). There are two

---

[2] The Complaint erroneously alleged violations of §§ 1692s-2(a) and (b) of the FDCPA, but the allegations asserted violations of the FCRA.

separate categories of duties under Section 1681s-2. While "Section 1681s-2(a) details a furnisher's responsibility to provide accurate information, including a duty to refrain from knowingly reporting inaccurate information . . . and to correct information discovered to be inaccurate . . . Section 1681s-2(b) outlines a furnisher's duties following a dispute regarding the completeness or accuracy of a consumer's credit report." *Id*. at 98-99 (citations omitted). Here, Count VI is premised on the fact that Defendant did not report the alleged debt as disputed.

To the extent the Complaint asserts a violation of Section 1681s-2(a), it fails to state a claim because there is no private right of action under that subsection of the FCRA (meaning that it cannot be the basis for a lawsuit). *Id*. Construing the Complaint as asserting a violation of Section 1681s-2(b), the claim as alleged is insufficient because the Complaint fails to allege that Plaintiff notified a CRA of the discrepancy and that a CRA subsequently notified Defendant. The duties under Section 1681s-2(b) are "not implicated simply because a consumer contacts a furnisher . . . regarding inaccuracies in her credit report," as the Complaint alleges Plaintiff did here. *Id.* at 99. Rather, "[t]he statute is clear that the notice triggering these duties must come from a CRA, not the consumer." *Id.* For the first time in his Opposition, Plaintiff states that he sent Experian a copy of the notice of dispute. A party may not amend the complaint through statements made in motion papers, *Soules v. Conn. Dep't of Emergency Servs. & Pub. Protection*, 882 F.3d 52, 56 (2d Cir. 2018), and in any event, there is still no allegation that Experian notified Defendant. *See, e.g., Abdool v. Capital One Bank USA*, No. 21 Civ. 4072, 2021 WL 4147191, at *5 (E.D.N.Y. Sept. 13, 2021) (dismissing FCRA claim where complaint failed to allege that plaintiff notified Experian of the dispute and Experian notified Capital One of the dispute).

### IV.  LEAVE TO REPLEAD

A "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Where a district court cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim, a pro se complaint should not be dismissed without granting leave to amend at least once." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020) (internal quotation marks omitted). Although courts generally take a liberal approach in permitting pro se plaintiffs to amend their pleadings, "leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). If Plaintiff believes that he can cure the deficiencies identified in this opinion, he may seek leave to replead any of Counts I-III and Count VI by filing a proposed First Amended Complaint as an attachment to a letter explaining how the amended complaint addresses the deficiencies identified in this Opinion, no later than June 24, 2022. Plaintiff is advised that the amended complaint must allege specific facts showing that Defendant is a debt collector subject to the FDCPA, and that proper notice through a CRA occurred pursuant to the FCRA, as described above.

### V.  CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**. Plaintiff may seek leave to replead as provided above. The Clerk of Court is respectfully directed to close the motion at Docket No. 24.

Dated: June 3, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE