UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                :
AARON GOODMAN,                                  :
                            Plaintiff,          :
                                                :          21 Civ. 7500 (LGS)
            -against-                           :
                                                :               ORDER
DISCOVER FINANCIAL SERVICES, LLC,               :
                            Defendant.          :
---------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, familiarity with the background of this case is assumed.

WHEREAS, the Opinion and Order (Dkt. No. 29), filed on June 3, 2022 (the "Dismissal Order"), granted Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and directed Plaintiff, who is proceeding *pro se*, to seek leave to replead by June 24, 2022.

WHEREAS, on June 24, 2022, Plaintiff filed a letter requesting leave to file an amended complaint (Dkt. No. 30), with a proposed First Amended Complaint (the "PFAC").

WHEREAS, on July 1, 2022, Defendant filed a letter in opposition (Dkt. No. 32).

WHEREAS, by Order dated July 11, 2022 (the "July 11 Order") (Dkt. No. 33), Plaintiff's motion to file an amended complaint was denied and the case was closed because the PFAC did not allege adequately that (1) Defendant was a debt collector subject to the FDCPA or (2) that Defendant is a creditor who used a name other than its own, which the FDCPA recognizes as an exception to the general rule that the FDCPA does not apply to creditors.

WHEREAS, on July 13, 2022, Plaintiff filed (1) a letter motion requesting relief from the July 11 Order (Dkt. No. 34); (2) a motion for leave to seek relief from a judgment or order (Dkt. No. 35); (3) a motion for relief from a judgment or order that is identical to the motion at Dkt.

No. 35 (Dkt. No. 36); and (4) a motion for leave to file a second amended complaint, attaching a proposed Second Amended Complaint (the "PSAC") (Dkt. No. 37).

WHEREAS, on July 21, 2022, Defendant filed a memorandum of law (Dkt. No. 39) in opposition to Plaintiff's motions, and on July 26, 2022, Plaintiff filed a reply (Dkt. No. 40).

WHEREAS, Plaintiff's motion for relief from a judgment or order is styled as a motion pursuant to Federal Rule of Civil Procedure 60.  Rule 60(b) provides for relief from a "final judgment, order, or proceeding," if one of six reasons is shown:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  "Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *Ins. Co. of N. Amer. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (internal quotation marks omitted); *accord Vasquez v. Fredericks*, No. 15 Civ. 9528, 2021 WL 1579489, at *1 (S.D.N.Y. Apr. 22, 2021).  "[W]hether proceeding pro se or not," a party seeking relief from an order under Rule 60(b) "must present highly convincing evidence, show good cause for the failure to act sooner, and show that no undue hardship [would] be imposed on other parties."  *Thompson v. Booth*, 2022 WL 1501041 (S.D.N.Y. May 12, 2022) (quoting *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 39 (2d Cir. 2020) (summary order)).

WHEREAS, "[a] party seeking to file an amended complaint post[-]judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)."  *Metler Inv.*

2

*Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks omitted). Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This permissive standard is consistent with [the court's] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation marks omitted); *accord City of Almaty v. Sater*, No. 19 Civ. 2645, 2022 WL 1466825, at *3 (S.D.N.Y. Apr. 1, 2022). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Bank v. Gohealth, LLC*, No. 21-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (summary order).

WHEREAS, while courts generally take a liberal approach in permitting pro se plaintiffs to amend their pleadings, "leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

WHEREAS, Plaintiff has not shown "mistake, inadvertence, surprise, or excusable neglect" nor "exceptional circumstances" warranting relief from the July 11 Order. Plaintiff argues that extrinsic circumstances, including his pro se status, travel commitments and personal and business obligations, prevented him from filing a reply to Defendant's opposition letter or seeking an extension, but no reply was ordered by the Court. Even if "excusable neglect" or "exceptional circumstances" prevented Plaintiff from filing a reply, such a consideration is not relevant to a Rule 60 analysis.

WHEREAS, even if relief were warranted under Rule 60, the PSAC would not survive dismissal such that leave to amend should be granted, as the PSAC does not cure the deficiencies in the Dismissal Order. Specifically, the PSAC, does not allege adequately that Defendant is a

debt collector as defined by the FDCPA.  The PSAC alleges, in a conclusory fashion, that

Defendant is a debt collector, and cites various sections of the FDCPA and its implementing

regulations that govern debt collectors.  The PSAC does not plead facts to support the allegation

that Defendant collected or attempted to collect debts "owed [to] another."  *See Rabadi v. City of*

*Yonkers*, No. 21 Civ. 1258, 2022 WL 889734, at *10 (S.D.N.Y. Mar. 25, 2022) (dismissing

complaint because it "fail[ed] to plead any facts to support its conclusory allegation that

[defendant] is a 'debt collector' under the FDCPA").  To the contrary, the PSAC concedes that

the debt was owed to Defendant:  "Plaintiff received notice, or a statement, which included an

account number, of an unverified claim from Defendant, claiming that Plaintiff was indebted to

said party."  The PSAC alleges that "even if Defendant were to be considered a creditor, then

Defendant has proof of a valid claim and can produce it," but creditors are generally immune

from the FDCPA unless the creditor collects its own debts using a false name, which is not

alleged in the PSAC.[1]  In short, the PSAC does not cure the deficiencies that were the bases for

the Dismissal Order.  It is hereby

     **ORDERED** that Plaintiff's motion for leave to amend and related relief as set forth at

Dkt. Nos. 34-37 are **DENIED.**  As the case is closed, no further applications are properly made

or filed in this case, except any notice of appeal.

     The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and to

close the motions at Docket Nos. 34, 35, 36 and 37.

Dated: August 10, 2022
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[1] The PSAC includes 42 U.S.C. § 1983 in its Claims for Relief section.  The PSAC does not allege any wrongdoing by state actors, and therefore is not construed as asserting any claims under § 1983.

4